UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GAUTHIER NTIMAMOSI,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF WORKFORCE SERVICES; and ANDREA BRUNYER,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:25-cv-00135<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Gauthier Ntimamosi filed this action without an attorney and without paying the filing fee.[1] The court temporarily granted Mr. Ntimamosi's motion to waive the filing fee and stayed the case for screening.[2] As explained below, because Mr. Ntimamosi seeks monetary relief against defendants who are immune from suit, and his complaint otherwise fails to state a plausible claim for relief, the undersigned[3] recommends the district judge dismiss this action without prejudice.

---

[1] (*See* Compl., Doc. No. 1; Mot. for Leave to Proceed Without Paying the Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

[3] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 6.)

1

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[4] In determining whether the complaint fails to state a claim, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Because Mr. Ntimamosi proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, a pro se plaintiff must follow the same rules of procedure that govern other litigants.[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## ANALYSIS

Mr. Ntimamosi filed a form civil rights complaint against the Utah Department of Workforce Services ("DWS") and Andrea Brunyer, in her official capacity as "unemployment insurance claims manager."[16] Mr. Ntimamosi alleges DWS and Ms. Brunyer "abused their authority to wrongfully deny [him] unemployment benefits for

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[16] (Compl. 1–2, Doc. No. 1 (capitalization omitted).)

3

almost a year[,] causing irreparable financial and psychological damages."[17]  He explains he was denied unemployment benefits in 2022 for "made up reasons."[18]  He alleges Ms. Brunyer told him he was eligible for benefits but that "upper management believe[d] otherwise."[19]  He alleges that by the time DWS finally realized he was eligible, more than a year had passed and he was in a "financial crisis" from which he hasn't recovered.[20]  He also claims DWS is "holding at least $10,000 that could help fix the problem which they created."[21]  Mr. Ntimamosi checked a box on the form indicating he is bringing a claim under 28 U.S.C. § 1983, and he also cites the Civil Rights Act of 1964, the Refugee Act of 1980, the "1951 Refugee Convention of UN," 8 U.S.C. § 1612, and 18 U.S.C. § 242.[22]  He seeks $400,000 in punitive damages.[23]

Notably, Mr. Ntimamosi brought nearly identical claims against DWS and Ms. Brunyer in a prior case in this district: *Ntimamosi v. Workforce Department et al.*, No. 2:23-cv-00041 (D. Utah, filed Jan. 17, 2023).  In that case, the court found Mr. Ntimamosi's claims were barred by Eleventh Amendment immunity, and found he failed to state a claim under 42 U.S.C. § 1983, the Refugee Act of 1980, or "the 1951 Refugee

---

[17] (*Id.* at 4.)

[18] (*Id.*)

[19] (*Id.*)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.* at 3.)

[23] (*Id.* at 5.)

Convention of U.N."[24]  The court ordered Mr. Ntimamosi to amend his complaint to correct these deficiencies.[25]  After he failed to file an amended complaint, the court dismissed the action without prejudice for failure to prosecute and comply with the court's orders.[26]

Mr. Ntimamosi's complaint in this case is deficient for the same reasons identified in the prior case.  First, Mr. Ntimamosi's claims are barred by the Eleventh Amendment.  With limited exceptions, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."[27]  "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity."[28]  There are two exceptions to Eleventh Amendment immunity: "(1) Congress may abrogate a State's Eleventh Amendment immunity in the exercise of its power to enforce the Fourteenth Amendment and (2) a State may waive its Eleventh Amendment immunity by consenting to suit."[29]

---

[24] *See* Order to File Am. Compl. 3–4, *Ntimamosi v. Workforce Dep't et al.*, No. 2:23-cv-00041, Doc. No. 9 (D. Utah May 31, 2023).

[25] *Id.* at 5.

[26] *See* Mem. Decision and Order of Dismissal, *Ntimamosi v. Workforce Dep't et al.*, No. 2:23-cv-00041, Doc. No. 21 (D. Utah June 27, 2024).

[27] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2010).

[28] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).

[29] *Harris v. Okla. Off. of Juv. Affs.*, 519 F. App'x 978, 979 (10th Cir. 2013) (unpublished).

As an arm of the State of Utah, DWS is entitled to Eleventh Amendment immunity.[30] Likewise, Ms. Brunyer is entitled to Eleventh Amendment immunity where Mr. Ntimamosi brings a claim for damages against her in her official capacity.[31] Even if Mr. Ntimamosi's claim could be construed as seeking retroactive benefits, it would still be precluded; the Tenth Circuit has held a suit against a state agency for retroactive benefits is "indistinguishable from damages" for purposes of Eleventh Amendment immunity.[32] Further, neither exception to Eleventh Amendment immunity applies. According to the Supreme Court, 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity.[33] Mr. Ntimamosi also cites the Civil Rights Act of 1964, but while Title VII of this statute does abrogate Eleventh Amendment immunity,[34] this statute bears no apparent connection to Mr. Ntimamosi's allegations.[35] And there is no

---

[30] See *Wilkerson v. Utah Dep't of Workforce Servs.*, No. 2:13-cv-00956, 2013 U.S. Dist. LEXIS 184371, at *3 (D. Utah Nov. 13, 2013) (unpublished) ("[A]s an arm of the state, DWS is entitled to Eleventh Amendment immunity from Plaintiff's unconsented suit."), *R. & R. adopted*, 2014 U.S. Dist. LEXIS 9755 (D. Utah Jan. 27, 2014) (unpublished); *Bingham v. Utah State Dep't of Workforce Servs.*, No. 2:08-cv-238, 2009 U.S. Dist. LEXIS 64257, at *1 (D. Utah July 27, 2009) (unpublished) (finding DWS was entitled to Eleventh Amendment immunity).

[31] See *Williams*, 928 F.3d at 1212.

[32] *Reames v. Okla. ex rel. Okla. Health Care Auth.*, 411 F.3d 1164, 1168 (10th Cir. 2005).

[33] *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[34] See *Fitzpatrick v. Bitzer*, 427 U.S. 445, 457 (1976).

[35] See 42 U.S.C. §§ 2000e et seq. (prohibiting discrimination in employment).

6

indication the State of Utah, DWS, or Ms. Brunyer have consented to be sued. Accordingly, Eleventh Amendment immunity bars Mr. Ntimamosi's claims.

In any event, Mr. Ntimamosi also fails to state a plausible claim under § 1983. A cause of action under § 1983 requires "(1) deprivation of a federal right by (2) a person acting under color of state law."[36] But DWS, as an arm of the state, is not a "person" under § 1983.[37] And "government officials sued for monetary damages in their official capacit[ies] are not 'persons' under § 1983 because they assume the identity of the government that employs them."[38] Therefore, neither DWS nor Ms. Brunyer (in her official capacity) can be sued for damages under § 1983.[39]

Finally, Mr. Ntimamosi fails to state any cognizable claim under the other authorities he cited in his complaint. The Civil Rights Act of 1964 prohibits discrimination against members of protected classes in certain contexts, such as

---

[36] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[37] *See McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a person for section 1983 purposes." (internal quotation marks omitted)); *Bingham*, 2009 U.S. Dist. LEXIS 64257, at *1 (finding DWS was not a "person" under § 1983).

[38] *Plumb v. Univ. of Utah*, No. 2:20-cv-00574, 2020 U.S. Dist. LEXIS 227174, at *13–14 (D. Utah Dec. 2, 2020) (unpublished) (citing *Hafer v. Melo*, 502 U.S. 21, 27 (1991)).

[39] The Eleventh Amendment does not prevent plaintiffs from bringing suit against state officials in their individual and personal capacities. *Reames*, 411 F.3d at 1168. But even if Mr. Ntimamosi had sued Ms. Brunyer in her individual capacity, he fails to adequately allege a violation of his federal rights. His mere citation to a list of federal statutes is insufficient. *See Mandy R. v. Owens*, 464 F.3d 1139, 1146 (10th Cir. 2006) ("To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law.").

employment, public accommodations, and federally assisted programs.[40]  But Mr. Ntimamosi makes no allegations of discrimination.  And the other laws he cites contain no private right of action for monetary damages: the Refugee Act of 1980,[41] the "1951 Refugee Convention of UN" (an international treaty),[42] 8 U.S.C. § 1612 (addressing "limited eligibility of qualified aliens for certain Federal programs"), and 18 U.S.C. § 242 (a criminal statute).[43]

Because Mr. Ntimamosi requests monetary relief against defendants who are immune, and his complaint otherwise fails to state a claim for relief, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).  Dismissal of a pro se complaint under § 1915 is proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[44]  Mr. Ntimamosi had the opportunity to amend in his prior case asserting the same claims, but he failed to do so.  He then failed to correct the deficiencies in his

---

[40] *See* 42 U.S.C. §§ 1971 et seq.

[41] Pub. L. 96–212, 94 Stat. 102 (1980); *see also Nguyen v. U.S. Catholic Conf.*, 548 F. Supp. 1333, 1347–48 (W.D. Pa. 1982) (finding Refugee Acts (including 1980 amendments) did not provide a private cause of action).

[42] *See Graham v. Haaland*, No. 23-cv-168, 2024 U.S. Dist. LEXIS 233085, at *18 (E.D. Okla. Jan. 8, 2024) (unpublished) ("In general, treaties are not presumed to create a private right of action in the absence of express language to the contrary." (citing *Medellin v. Texas*, 552 U.S. 491, 506 n.3 (2008))).

[43] *See Houck v. Heaton*, 515 F. App'x 725, 726 (10th Cir. 2013) (unpublished) ("18 U.S.C. § 242 does not create a private civil cause of action.").

[44] *Kay*, 500 F.3d at 1217 (citation omitted).

complaint when filing this second case.  Under these circumstances, any further opportunity to amend would be futile, and this action must be dismissed.

## RECOMMENDATION

Because Mr. Ntimamosi requests monetary relief against defendants who are immune, and the complaint otherwise fails to state a claim for relief, the undersigned RECOMMENDS the district judge dismiss this action without prejudice.[45]  Mr. Ntimamosi has the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[46]

DATED this 21st day of April, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[45] *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (noting that because Eleventh Amendment immunity is jurisdictional, dismissals on this basis should be without prejudice).

[46] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).